**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

---

In Re: COOK MEDICAL, INC.,
IVC FILTERS MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to:

Neven Fingerhut

Civil Case # 1:18-cv-1903

---

**PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS' OMNIBUS MOTION TO DISMISS CASES FILED BY INDIANA PLAINTIFFS FOR LACK OF SUBJECT MATTER JURISDICTION**

COMES NOW Plaintiff, Nevin Fingerhut, by and through his counsel of record, and files his Response to the Cook Defendants' Omnibus Motion to Dismiss.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 2018, Plaintiff filed his Short Form Complaint in this MDL. *See In Re: Cook Medical, Inc. v. Fingerhut*, case no. 1:18-cv-1903 [Doc. 1].

On June 5, 2024, Counsel for Cook Defendants contacted Counsel for Plaintiff to initiate discussions regarding the dismissal of this case. *See* Faegre Drinker letter attached as <u>Exhibit 1</u>. Counsel for Plaintiff agreed to dismiss the case without prejudice by way of a proposed stipulation which he sent to Counsel for Defendants. *See* email string attached as <u>Exhibit 2</u>.

Counsel for Plaintiff and Defendants were unable to reach an agreement on the dismissal of the case as Defendants did not agree to the proposed language of the dismissal stipulation Mr. Fingerhut's Counsel proffered.  *Id.*

On September 12, 2024, the Cook Defendants filed their Omnibus Motion To Dismiss Cases Filed By Indiana Plaintiffs For Lack Of Subject Matter Jurisdiction [Doc. 25979].   On September 17, 2024, the undersigned called Counsel for Defendants, offering to dismiss the case if Defendants agreed to waive any Statute of Limitations defenses once the case was refiled in state court; however, Defendants have apparently refused such offer as no response to that phone call has been forthcoming to the undersigned, despite an email follow up inquiry sent on September 21, 2024.

**II.     ARGUMENT**

    **A.     Plaintiff does not dispute the Defendants' jurisdictional arguments.**

As a preliminary matter, Plaintiff does not dispute that this Court lacks subject matter jurisdiction over the case as set forth in Defendants' present Motion, nor does Plaintiff dispute that these cases should be dismissed.  *See* Defendants' Motion, [Doc. 25979], pp. 5-6.  Rather, Plaintiff understands that Indiana law requires an order of *involuntary* dismissal from this Court for the Indiana Journey Account Statute, Ind. Code § 34-11-8-1, to protect the statute of limitations in the case when refiled in Indiana state court.  For that reason, Plaintiff has not consented to the *voluntary* dismissal as proposed by Defendants.  Plaintiff has not intended for this course of action to tax judicial economy, but rather to protect the statute of limitations and responsibly prosecute the case.

### B. The Indiana Journey Account Statute requires an involuntary dismissal to protect the statute of limitations.

Ind. Code § 34-11-8-1, Indiana's savings statute ("Journey Account Statute"), provides as follows:

> Sec. 1. (a) This section applies if a plaintiff commences an action and:
>
> (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
>
> (2) the action abates or is defeated by the death of a party; or
>
> (3) a judgment is arrested or reversed on appeal.

Ind. Code § 34-11-8-1 (2005). The statute further provides that

> (b) If subsection (a) applies, a new action may be brought not later than the later of:
>
> (1) three (3) years after the date of the determination under subsection (a); or
>
> (2) the last date an action could have been commenced under the statute of limitations governing the original action; and be considered a continuation of the original action commenced by the plaintiff.

*Id.*

Indiana courts have held that the Journey Account Statute applies to cases where the federal district court dismisses the action for jurisdictional reasons. In *Eves v. Ford Motor Co.*, the plaintiffs' federal district court action had been dismissed for jurisdictional reasons; plaintiffs' subsequent state action was filed against the same defendants for the same claim within five years after the federal court's order, and plaintiffs' action was deemed timely, even though it was filed more than two years after the action arose. *Eves v. Ford Motor Co.,* 281 N.E.2d 826, 831 (Ind. App. Ct. 1972). Under some circumstances, the Journey Account Statute permits a filing after the

applicable limitation period to be deemed a "continuation" of an earlier claim. *Eads v. Community Hosp.*, 932 N.E.2d 1239, 1243 (Ind. 2010). Generally, for an action to be considered a continuation of the former, the parties, the facts, and the causes of action must be the same. *Land v. International Business Machines Corp.*, 108 F.Supp.3d 632, 637 (S.D. Ind. 2015).

Critically, "the Journey's Account Statute does not protect an action dismissed *voluntarily*." *Price v. American Cyanamid Co.*, No. 2:04-cv-242, 2006 WL 696747, at *7 (N.D. Ind. Mar. 14, 2006) (emphasis added). The 7th Circuit similarly held that, "one who *voluntarily* dismisses his own cause of action and fails to re-file it within the ordinarily applicable limitations period cannot seek the protection of the [Indiana] Journey's Account Statute, which requires that in order to be deemed a timely continuation a cause of action must first 'fail' before it is filed anew." *Morris v. Jenkins*, 819 F.2d 678, 680 (7th Cir. 1987) (emphasis added).

The *Torres* case is instructive here as to the requirement of an *involuntary* dismissal from the federal court before refiling in state court. *Torres v. Parkview Foods*, 468 N.E.2d 580, 582 (Ind. Ct. App. 1984). *Torres* observed that under the Indiana Journey Account Statute, "when a plaintiff's cause of action in federal court fails for jurisdictional reasons, a plaintiff's subsequent state action against the same defendants for the same claim filed within five years of the federal court's order, is timely under the state savings statute." *Id*. *Torres* reasoned that the Journey Account Statute did not apply to that action, which had been brought in federal court and subsequently dismissed for lack of diversity jurisdiction because the federal action had not yet been dismissed when the plaintiffs filed their action in state court. *Id*. Rather, the *Torres* court reasoned that the plaintiff's filing in federal court was timely notice to defendant of plaintiff's present purpose to assert rights in the courts. *Id.* at 583.

*Torres* specifically states that,

> [W]e hold that when in good faith a plaintiff brings an action in federal court within the statute of limitations, but it fails for lack of diversity jurisdiction, the statute of limitations is tolled with the filing of the suit for purposes of determining whether a subsequent state action involving the same parties and the same claims is brought within the statute of limitations.

*Id*. Even so, the Indiana Journey Account Statute requires an *involuntary* dismissal from the federal court before the refiling of the case in state court. *See also McGill v. Ling*, 801 N.E. 2d 678, 685 (Ind. Ct. App. 2004) (The federal action must be dismissed before filing a state court action to be a continuation of those claims and for the Indiana Journey Account Statute).

Here, Plaintiff's hands are tied by the Indiana Journey Account Statute. Since the ordinarily applicable limitations period has expired for his case, he cannot *voluntarily* dismiss this action and refile in Indiana state court without encountering statute of limitations issues. Thus, in order to be saved by the Indiana Journey Account Statute, Plaintiff's cause of action must first "fail" before it is filed anew. *See*, *Morris*, 819 F.2d at 680. Plaintiff's cause of action must first be *involuntarily* dismissed before it can be filed in state court.

In light thereof, Plaintiff's counsel attempted to negotiate with Defendants' counsel by offering to *voluntarily* dismiss the case if Defendants agreed to certain language in his proposed stipulation of dismissal without prejudice. Defendants did not agree, as was their right. As such, Plaintiff's only remaining course of action was to rely on the Indiana Journey Account Statute, which, as stated above, first requires the case be *involuntarily* dismissed before it can be refiled in State Court.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff does not oppose the involuntary dismissal of his case.

Respectfully submitted,

*/s/ Willard J. Moody, Jr.*
Willard J. Moody, Jr.
The Moody Law Firm, Inc.
500 Crawford Street, Suite 200
Portsmouth, Virginia  23704
Telephone:  757-393-4093
Facsimile:  757-397-7257
E-mail:  will@moodyrrlaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Willard J. Moody, Jr.*
Willard J. Moody Jr.